

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

                      Hon. Judith E. Levy

v.

                      Case No. 21-20548

Phillip Cape,

       Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Phillip Cape, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the information. Count 1 charges the defendant with Attempted Coercion and Enticement of a Minor under 18 U.S.C. § 2422(b).

**2.    Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

Page **1** of **17**

| Count 1 | Term of imprisonment: | At least 10 years and up to life |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 120 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

**3.      Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for Distribution of Child Pornography, under 18 U.S.C. § 2252A(a)(2); Receipt of Child Pornography, under 18 U.S.C. § 2252A(a)(2); Possession of Child Pornography, under 18 U.S.C. § 2252A(a)(5)(B); or Possession with Intent to Distribute a Controlled Substance (Methamphetamine), under 21 U.S.C. § 841(a)(1), based on evidence recovered from Cape and/or his vehicle on February 20, 2020.

**4.      Elements of Count of Conviction**

The elements of Count 1 are:

  1. The defendant knowingly used a facility or means of interstate
     commerce to persuade, induce, entice or coerce an individual

under the age of eighteen (18) to engage in prostitution or sexual

activity;

2.  The defendant believed that such individual was less than eighteen

(18) years of age;

3.  The defendant could have been charged with a criminal offense for

engaging in the specified activity.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the

defendant's role in the offense, and provide a sufficient factual basis for the

defendant's guilty plea:

Beginning on September 22, 2018, in the Eastern District of Michigan and

elsewhere, the defendant, Phillip Cape, knowingly sent messages to an agent who

was acting in an undercover capacity online (the OCE) over various mobile

applications.  In these messages, Cape expressed his interest in traveling to engage

in sexual activity with the OCE's daughter, who Cape knew was 11 years old.  To

entice the OCE to and the OCE's daughter to have sex, Cape indicated that he

could provide methamphetamine to the girl and the OCE.  The OCE and Cape

discussed dates and times to meet, but communication between the OCE and Cape

ceased around October 5, 2018.

On December 23, 2019, Cape again sent messages over a mobile application to the OCE asking if the OCE was "still around" and whether the OCE remembered Cape from their prior conversations. Cape asked, "Things still going with ya daughter?" He also asked, "U still want to get her high and share?"

The conversation between the OCE and Cape continued with Cape again offering to provide methamphetamine to the OCE' and the OCE's daughter, who Cape knew, at that point, was 12 years old. Cape and the OCE discussed ground rules for the meeting, including the following:

Cape:  well what are your limits

OCE:  You have to use a condom for everything except maybe oral sex. If she cries it has to stop. Nothing that will leave any marks.

Cape:  Absolutely. Cryings a no go.

OCE:  100%

Cape:  I want her to want it.

Cape:  A horny 12 year old slut is so hot.

OCE:  I think shell (sic) e good. I just want to make sure ur good with the possibility she doesn't go along with it.

Cape:  Of course.

Cape:  But I bet I can help her feel sexy.

OCE:  Shell (sic) like that I think. Also she like those sour patch candies. Shed probably be ur best friend of (sic) you gave her some of those lol.

Cape:  We can walk somewhere and get em for her.

Cape also requested a photo of the girl.

On February 20, 2020, Cape agreed to meet with the OCE and the OCE's daughter at a restaurant in Romulus, Michigan, which is located in the Eastern District of Michigan.  At approximately 8:00 p.m., Cape arrested in the restaurant parking lot, and found with a pipe and a quantity of methamphetamine in his car.

All mobile applications used by Cape to communicate with the OCE were facilities or means of interstate commerce.  Cape could have been charged with offenses under Michigan law for engaging in the discussed sexual activity with a minor.

## 6.    Advice of Rights

The defendant has read the information, has discussed the charge and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**7.     Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one,

including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—

the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.     Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- USSG 2G.13(a)(3) – Base Offense Level

- USSG 2G1.3(b)(3) – Use of computer

- USSG 2G1.3(b)(5) – Minor who had not attained the age of 12 years of age

### D.     Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.     Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.    Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9.    Imposition of Sentence**

**A.    Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B.    Imprisonment**

**1.    Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2.     No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.     Supervised Release

### 1.     Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose five years of supervised release.

### 2.     No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation.   The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any

term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial

Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

The defendant agrees under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to forfeit any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of the offense Charged in Count One of the Information. The defendant also agrees under 18 USC § 2428(a)(1), to forfeit any property, real or personal, used or intended to be used, to commit or to facilitate the commission of the offense charged in Count One of the Information; including but not limited to one Samsung SM-A102U.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Fed. R. Crim. P. 32.2(b)(5).

The defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

The defendant further agrees to hold the United States, its agents, and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearm and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.    SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration

requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or

sentence by collateral review, including, but not limited to, any right he may have

to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255

(except for properly raised ineffective assistance of counsel or prosecutorial

misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil

Procedure 59 or 60.

**13.     Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's

conviction or sentence under this agreement is vacated, the government may

reinstate any charges against the defendant that were dismissed as part of this

agreement and may file additional charges against the defendant relating, directly

or indirectly, to any of the conduct underlying the defendant's guilty plea or any

relevant conduct. If the government reinstates any charges or files any additional

charges as permitted by this paragraph, the defendant waives his right to challenge

those charges on the ground that they were not filed in a timely manner, including

any claim that they were filed after the limitations period expired.

**14.     Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for

any reason, he waives all of his rights under Federal Rule of Evidence 410, and the

government may use his guilty plea, any statement that the defendant made at his

guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17.    **Acceptance of Agreement by Defendant**

The government may withdraw from this agreement at any time before the

defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney


Benjamin C. Coats
Chief, Major Crimes Unit
Assistant United States Attorney

Meghan Sweeney Bean
Assistant United States Attorney

Dated: August 23, 2021

By signing below, the defendant and his attorney agree that the defendant

has read or been read this entire document, has discussed it with his attorney, and

has had a full and complete opportunity to confer with his attorney. The defendant

further agrees that he understands this entire document, agrees to its terms, has had

all of his questions answered by his attorney, and is satisfied with his attorney's

advice and representation.


Mark Satawa
Attorney for Defendant

Phillip Cape
Defendant

Dated: 11/16/21